**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WOODLAND DRIVE LLC** | ) | |
| **1209 Orange Street** | ) | |
| **Wilmington, DE  19801** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-00750-RJL |
| | ) | |
| **JAMES COURTOVICH** | ) | |
| **2900 Woodland Drive, N.W.** | ) | |
| **Washington, DC  20008** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT</u>

Woodland Drive LLC ("Woodland" and/or "Plaintiff"), by and through its undersigned

counsel K&L Gates, LLP, hereby submits Plaintiff's Reply Memorandum in Support of its

Motion for Default Judgment and states in Support as follows:

Defendant Courtovich has failed to justify his willful neglect to respond to the Complaint

in this case.  The record is clear and unchallenged:  he received proper service through his

longtime companion at the home they share together in the District of Columbia.  More than four

months later, he has made the bare minimum effort to respond, not with evidence but a self-

serving legal submission that demonstrates a continued pattern of delay and deceit.

Defendant received $4,000,000 from the Plaintiff and he signed a Security Agreement

(and other documents) evidencing the purposes for which he received the funds.  The Security

Agreement is an exhibit to the Complaint in this matter.  Instead of abiding by the terms of the

Agreement, Defendant Courtovich has used the $4,000,000 for his own purposes, thereby

defrauding Plaintiff.  Defendant has and continues to breach that Agreement.  This action was filed within three years of Defendant's execution of that Agreement, within any relevant statute of limitations.

In exchange for the funds that he received, Defendant Courtovich agreed to give Woodland Drive LLC a security interest in certain property in the District of Columbia and also agreed to fund a joint business venture in the District of Columbia.  Any argument that the underlying agreement between the parties was based on past consideration is baseless.  The Agreement expressly states the basis upon which the funds were provided and reveals Defendant's continuing obligation relating to both the real property and the startup business venture.  Defendant has never followed through with his end of the bargain.  He continually delayed and deceived the Plaintiff, changed lawyers at least four times, and since receiving the money has made nothing but excuses.  Any delay in execution of the Agreement was due to Defendant Courtovich's actions, not Plaintiff's.

His opposition to this motion is the latest example of this behavior.  Defendant Courtovich should not be able to benefit from his own delaying tactics, the latest of which is to try and convince this Court that the payment made to him is unconnected with the obligations he *agreed to in writing* and that expressly relate to receipt of those funds.  Again, this is demonstrated in the signed Agreement attached to the Complaint.  If Defendant Courtovich had been cooperative after his receipt of the funds, no time would have elapsed.  Even the withdrawal of the initial suit filed against Defendant Courtovich was at his request.  His actions are akin to unclean hands, and Defendant Courtovich should not be provided any relief due to his own thwarting conduct.  *See Harrington v. Trotman*, 983 A.2d 342 (D.C. 2009) (quoting *Int'l Tours*

*& Travel, Inc. v. Khalil*, 491 A.2d 1149, 1155 (D.C. 1985)).  Defendant Courtovich should be estopped from benefiting from his delaying conduct.

The Plaintiff arranged for service of process on the Defendant according to Fed. R. Civ. P. 4(e)(2)(B), and successfully served him through a process server and investigator who left a copy of the Summons and Complaint with Courtovich's long-term companion who resides with him at 2900 Woodland Drive NW in the District of Columbia.  Defendant's objection to service of process is so self-serving, deceptive, and devoid of support that it begs credulity.

The only evidence before the Court is the evidence provided by the Plaintiff, demonstrating that proper service was made on Defendant Courtovich.  It is an affidavit of a neutral, third party process server and investigator, discussed in more detail below. (Exhibit 1). The affidavit is of record in this case but Defendant Courtovich presented nothing to rebut its contents.  His only response is a self-serving argument of counsel.  A Defendant contesting service of process must make some showing of fact to support his or her contesting of service, and those submissions must be substantive and supportive.  *craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 514 (N.D. Cal. 2011) ("[S]elf-serving declaration[s] [are] generally insufficient to defeat a signed return of service.)    Defendant Courtovich provided nothing.

Therefore, the only record before the Court is the evidence that proper service of process was made on him.  Service of process is sufficient in the District of Columbia by serving someone of suitable age and discretion at a usual place of abode (Fed. R. Civ. P. 4(e)(2)(B)). The affidavit of service submitted by the Plaintiff was made by the process server and investigator and explains that that on April 15, 2019, he served "Mr. Jeff Zeleny, housemate of Mr. James Courtovich, a person of suitable age and discretion" who stated that he resided with Mr. Courtovich at the residence at 2900 Woodland Drive NW.  (Exhibit 1).  The residence is

owned by the Defendant, a fact not disclosed to the Court in the Defendant's opposition. Attached hereto is evidence from the DC Office of Tax and Revenue evidencing Mr. Courtovich's ownership interest in the property.  (Exhibit 2, a publicly available business record).

The Defendant also did not disclose to the Court that: (1) the Summons and Complaint were not merely "left with someone other than Courtovich" at the residence, they were left with Mr. Zeleny, with whom Courtovich has a longstanding and close personal relationship (Exhibit 3); or (2) that he operates his business from Washington, D.C. (Exhibit 4).  The process server and investigator's second affidavit attached here to as Exhibit 5 confirms that: (1) that while serving the Summons and Complaint he spoke with Mr. Zeleny and that Mr. Zeleny stated that he lived with Defendant Courtovich at 2900 Woodland Drive; (2) that an assistant to Defendant Courtovich who was at 2900 Woodland Drive stated that Defendant Courtovich lived at 2900 Woodland Drive; (3) that public records prove that Defendant Courtovich owns 2900 Woodland Drive; (4) that Defendant Courtovich registered his 2016 Porsche Cayenne at the 2900 Woodland Drive address; and (5) Mr. Zeleny and Defendant Courtovich own a beach house together in South Carolina.

The case cited by Defendant Courtovich is therefore inapposite.  There, service was made on the father, and the father specifically told the service of process agent that the son (the person being served) did not live in the abode but lived in another state.  *Tafler v. District of Columbia*, 2006 WL 3254491at *3 (D.D.C. 2006).  Those facts have no relevance to this case, where Mr. Zeleny admitted he lives at the service property with Defendant Courtovich.

What is glaringly missing from Defendant's submission is any evidence, a declaration or similar filing from Defendant Courtovich separating himself from the service address at 2900

Woodland Drive or his presence in Washington, D.C.  His public profile demonstrates a continued and open presence in the District and corroborates what Mr. Zeleny said to the process server.  Defendant Courtovich's food blog, Le Poisson Bleu, prominently highlights his residence at 2900 Woodland Drive (Exhibit 6).   Defendant Courtovich's business in Washington, DC as managing director of Sphere Consulting LLC also is a matter of public record (Exhibit 4) as is his spending weekends in South Carolina (Exhibit 7).  He has provided nothing to rebut the evidence that he still lives in Washington, D.C. at the house that he owns at 2900 Woodland Drive or that he lives with Mr. Zeleny and has a significant relationship with him.

The service of process agent attached to his affidavit a copy of what was in the service package left with Mr. Zeleny, clearly a copy of the Summons and Complaint in this action and this is evidenced by the Court docket.  The fact that Defendant Courtovich's counsel states, without any substantiation, that Defendant Courtovich chose not to open the package does not and cannot defeat service.  It was proper and complete when made to Mr. Zeleny, a resident of suitable age at Defendant's abode.  (Fed. R. Civ. P. 4(e)(2)(B) and Fed. R. Civ. P. 4(l)).

Defendant Courtovich also complains that a copy of the Complaint was not otherwise provided to him.  That is not true. A copy of the service package was forwarded to his counsel on April 29, 2019.  (Exhibit 8).  So he not only had constructive notice, he had actual notice, but he chose to avoid it.  The record, therefore, is clear and unchallenged.  Defendant Courtovich received a copy of the Complaint through valid service at his residence and received duplicative notice through delivery to his counsel.  If a defendant "has received actual or constructive notice of the filing of the action and failed to answer," his conduct in failing after four months to look at the Complaint is not the fault of the Plaintiff or an injustice on him; it is his own culpability.

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 690 (9th

Cir.1988) (quoting *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987)).

Courtovich should not be allowed to benefit from his own delay and deceit.

Defendant Courtovich, therefore, has not shown good cause for overturning his default in

this action and Plaintiff is entitled to a Default Judgment.

I affirm that Exhibits 2, 3, 4, 6, and 7 were pulled from the public internet and that the

email attached as Exhibit 8 is the email I forwarded to counsel for Defendant Courtovich.

WHEREFORE, Plaintiff Woodland Drive LLC requests that this Court enter default

judgment in favor of Plaintiff against Defendant James Courtovich as follows:

(i)     In the amount of at least $4,000,000.00;

(ii)    Pre-judgment interest in the amount of $720,000.00 through May
        31, 2019 (with interest continuing to accrue at $667.00 per day
        until entry of Default Judgment); and

(iii)   For other such relief as this Court deems just and proper.

K&L GATES LLP


By _____/s/ Andrew N. Cook_____
        Andrew N. Cook (Bar No. 416199)
        1601 K Street, N.W.
        Washington, DC  20006
        Telephone:     (202) 778-9106
        Facsimile:     (202) 778-9100
        Andrew.Cook@KLGates.com
        *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 4, 2019, I electronically filed the foregoing with the Clerk of the Court via to dcd.cmecf@dcd.uscourts.gov and via email to counsel for defendant via rduncan@clarkhill.com.


Dated:  October 4, 2019                Respectfully submitted,


                          By _____/s/ Andrew N. Cook_____
                                  Andrew N. Cook (Bar No. 05588)
                                  K&L Gates LLP
                                  1601 K Street, N.W.
                                  Washington, DC  20006
                                  Telephone:  (202) 778-9106
                                  Facsimile (202) 778-9100
                                  andrew.cook@klgates.com


                          Attorneys for Plaintiff