UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WOODLAND DRIVE LLC ) | | |
| ) | | |
| Judgment-Creditor, ) | | |
| ) | | |
| v. ) | Civil Action No. 1:19-cv-00750-CJN | |
| ) | | |
| JAMES COURTOVICH ) | | |
| ) | | |
| Judgment-Debtor. ) | | |
| ) | | |

**PLAINTIFF WOODLAND DRIVE, LLC'S NOTICE TO COURT OF JAMES COURTOVICH'S FAILURE TO PROVIDE REQUESTED INFORMATION**

Woodland Drive, LLC ("Woodland") hereby submits its Notice to the Court of Judgment Debtor James Courtovich's ("Courtovich") failure to provide requested documentation and requests that this Court hold a hearing to determine why Courtovich should not be held in Contempt of Court for his failure to provide documentation justly requested from him three months ago by his judgment creditor, Woodland.

Courtovich's conduct in this matter is a continuation of his unacceptable conduct that has marked his entire relationship with Woodland, from the receipt of a $4,000,000 loan in 2015 to years of failing to repay the loan and instead resorting to blame shifting, complaining, offering empty promises and excuses, which compelled Woodland to file a lawsuit in 2019; then followed by a continual thumbing of the nose at this Court's litigation schedule, its orders, and the basic rules of federal civil practice, leading to a $4,000,000 judgment against him. In the instant matter relating to Woodland's Motion for Documents and Oral Exam Courtovich has skipped a hearing, showed up at the next two hearings empty handed, and finally when this Court gave him one more

1

chance to comply he acted with full contempt of the order, again putting in no effort and grossly failing to do what he was required to do. Courtovich's obvious strategy throughout this process has been to take advantage of the judicial process and this Court's indulgences in order to avoid responsibility for the judgment that he is required to pay. He should not be allowed to misuse the system in this manner.

On January 30, 2025, Woodland filed its Motion for Documents and Oral Exam. On February 5, 2025, this Court granted Woodland's request and scheduled a hearing for February 26, 2025 directing Courtovich to appear at that time with the requested documents. Courtovich skipped the hearing. The Court then scheduled a Show Cause Hearing for April 16, 2025. Courtovich did appear on that date but showed up empty handed, in violation of the Court's order to produce documents. So again, at the April 16 hearing Courtovich was directed to produce documents to Woodland, and he was given a new deadline to do so, two weeks later on April 30, 2025. He also was ordered to attend a hearing on May 7, 2025. Yet again, Courtovich failed to produce any documents on April 30 and at the May 7, 2025 hearing this Court gave him one more chance to do so, ordering him to produce them by May 28, 2025.

Woodland's document requests seek 21 categories of information, all reasonably constructed to help it understand the nature and extent of Courtovich's assets for purposes of enforcing the judgment against him. He has had the requests for over three months and has raised no objections to them. At the April hearing he promised this Court that he simply needed more time because his accountant had resigned (as a point of fact, even if this was a sensible excuse, the accountant resigned many months ago, so it was not a new development relevant to Courtovich's ability to respond to Woodland's requests). But despite being given chance after chance, extension after extension, Courtovich waited until the last day, May 28, to do anything, and he still failed to

2

323730079.1

meet his basic obligations. That day, he provided Woodland's counsel with five PDF documents: four statements relating to two bank accounts owned by Courtovich's consulting firm, Sphere Consulting LLC, and one PDF containing a collection of statements for an account in his own name –an account showing transfers being made from other accounts that he inexplicably did not produce to Woodland. Other than these limited documents, Courtovich has provided nothing else.

There is no question that Courtovich has had in his possession the list of information and documents requested because it was sent to him at least three times by the Court and by Woodland's counsel. In fact, on May 27, Courtovich, apparently erroneously, emails to Woodland's counsel a series of jpeg pictures depicting each page of Woodland's Motion for Documents and Oral Exam (dated January 30, 2025) which included all of Woodland's requests. In other words, Courtovich obviously knew what he was required to provide.

Nevertheless, Courtovich has again thumbed his nose at this Court and its process by failing to provide the following information originally requested on January 30, 2025:

a. The identity of any source of income for Courtovich in the last two years and provide the name and address of the source of the income and the amounts Courtovich received.

b. A statement of any amount due for services rendered for which Courtovich has not received payment and identify the person, entity, or company that Courtovich believes may be indebted to Courtovich or may owe Courtovich any sums.

c. The identity of the name of any person, company, or entity under which Courtovich is employed or transact business.

d. A list of all banks, savings and loan associations, credit unions, brokerage firms, or other financial institutions in which Courtovich maintains an account of any kind and

3

provide the name and address of the institution, the name in which the account is held, the account number, the present balance and if a joint account, the name and address of the other person(s) on the account.

e. A list of personal property in which Courtovich has an interest, whether legal or beneficial, including but not limited to cash or any cash equivalents, art, paintings, stamps or coin collections, or other collections, jewelry, watches, automobiles, trailers or other motor vehicles, boats, motors, and accessories. Give the precise location of each item of property, a description of the property and its present location, and the amount of any security interest, lien, or encumbrance against such property.

f. The identity of any of Courtovich's property that is in the hands of a third party and describe the property involved, identify the person holding the property, the reason the property is so held and any consideration that may have passed therefore.

g. The names of each bookkeeper, payroll clerk or other person having records of salaries or other sums of money paid to Courtovich in the last three years.

h. Copies of Courtovich's income tax returns, state and federal, for the last three years.

i. Copies all records of earnings, including payroll check stubs or vouchers for the last two years.

j. The identify of each and every parcel of real property, fee simple or leasehold, in which Courtovich, or as a co-owner with any other person, natural or corporate, whatsoever, giving an accurate location of the property including street or road address and post office box and route number, if any; the interest held by Courtovich; names and addresses of any co-owners and interest held by them; the reference to the deed or other instrument under which Courtovich acquired title to the interest held; and the

4

323730079.1

    names and addresses of all mortgagees and other persons, natural or corporate, possessing any mortgage lien or other encumbrance upon all or any property or properties listed in answer hereto, stating fully as to each the type of mortgage lien or other encumbrance, date incurred or acquired, face amount thereof and the balance due thereon as of the date of Courtovich's answers, the date(s) additional payments are due and whether or not payments are in arrears.

k. If any of the property or properties identified pursuant to the previous item produces any income, state the type of income produced, e.g., rent, etc.; amount of income produced and date and method of payment; and the names and addresses of all tenants, renters, and/or others from whom said income is received.

l.  The identify of all persons, natural or corporate, wherever situate, who owe Courtovich any money or accounts receivable and/or who are holding any money or credits to which Courtovich is or will in the future become entitled, giving the names and addresses, amounts owed or held, date payable and whether Courtovich considers to be collectable or uncollectable.

m. Identify whether Courtovich transferred any property within the last three years; and if so, describe the property and give the full details of any such gift, sale, or transfer.

n. Identify each and every motor vehicle, boat, or similar item (giving make, model, serial number, title and registration number and license number), in which Courtovich individually, or as a co-owner with any other person, natural or corporate, has any interest whatsoever, stating fully the interest which Courtovich has therein and the location thereof. With respect to each item not Courtovich's sole property, identify the

name, address, occupation, and relationship to Courtovich, if any, and the precise interest of each person, company or corporation having any interest in each item of property referred to herein. As to each holder of a lien or encumbrance, identify the date incurred, balance due thereon as of the date of deposition, the dates on which additional payments are due, and whether or not payment is in arrears.

o. State whether Courtovich owns or has any interest in any goods, wares, merchandise, inventory, supplies, equipment, fixtures, money, furniture, chattels, stocks, patents, or copyrights, other than the items listed in response to the foregoing questions; and if so, state the value and location of each, and the nature of Courtovich's interest therein.

p. State whether Courtovich is the plaintiff or judgment creditor in any cause of action; if so, give the title of said cause of action and the name of the Court in which same is filed.

q. State whether there is any pending litigation to which Courtovich is a party, in any Court, or administrative agency; or is there any action in which Courtovich claims or anticipates any settlement of monetary recovery? If so, give the title of the proceeding or litigation and if litigation, the name of the Court in which it is pending.

r. State whether Courtovich has paid any debts or incurred any judgments or liens against Courtovich or his property within the last two years, giving the nature of the debt, lien or judgment, the amount thereof, by whom obtained or to whom paid and the date or dates thereof.

s. State whether Courtovich has sold any of Courtovich's real property assets in the last five years.

6

323730079.1

 t. The identify of any amounts in the past three years that have been paid on Courtovich's behalf by a third party or entity such as a company paying for debts or obligations of Courtovich's, including but not limited to mortgage obligations, tax obligations or any other personal obligations.

 u. The identify of any kind of returns on investment, any distributions of equity ownership or profits from an entity in which Courtovich has have an interest.

These are all items in which Courtovich has failed to respond and he has not made any objection or other notification to this Court regarding the categories of information requested. It also is revealing that Courtovich has not produced anything relating to other accounts that Woodland knows exist because they relate to documents he previously provided in the underlying litigation (only after being compelled by this Court), nor do they reflect payments to two Wells Fargo mortgages on properties in the District of Columbia that he owns or personal property that he owns and has over the years publicized in his social media accounts. In short, even having appeared before the Court multiple times and being ordered by this Court to produce the requested documents, Courtovich has made almost no effort to do so. He is a judgment debtor who should not be permitted to flaunt his willing violation of court orders and rules to avoid his legal obligation. At present that obligation is to provide Woodland with information it is entitled to have as part of its effort to enforce the judgment issued by this Court. Courtovich should not be allowed to continue the obvious strategy of unjustified stonewalling and using the Court's process purely for that purpose. He is wasting the Court's time and resources and he is committing a daily injustice to Woodland which obtained a legal judgment and, because Courtovich has refused to pay the judgment, Woodland has every right to enforce it against him.

Woodland therefore requests that this Court hold Courtovich in contempt until he has complied with his obligations to respond to Woodland's requests, and to enter such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew N. Cook*
Andrew N. Cook, Esq. (DC Bar No. 416199)
K&L Gates LLP
1601 K Street, N.W.
Washington, DC  20006
Telephone: (202) 778-9106
Facsimile: (202) 778-9100
Email: Andrew.Cook@KLGates.com

*Counsel for Plaintiff Woodland Drive LLC*

Date:  June 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, the foregoing document was mailed, first class, postage prepaid to Mr. James Courtovich, 2900 Woodland Drive, Washington, DC  20008.

Dated: June 3, 2025

Respectfully submitted,

By     /s/ Andrew N. Cook
Andrew N. Cook (Bar No. 416199)
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Telephone: (202) 778-9106
Facsimile (202) 778-9100
andrew.cook@klgates.com

Attorneys for Plaintiff

8

323730079.1