UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOODLAND DRIVE LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JAMES COURTOVICH,<br><br>    *Defendant*. | Civil Action No. 1:19-cv-00750 (CJN) |

## SANCTIONS ORDER

In June 2024, following mediation, the parties settled this matter for $1,250,000 and a deed to certain real estate. Defendant James Courtovich, however, failed to pay that amount and to convey the deed to Plaintiff Woodland Drive LLC. As a result, and as contemplated by the settlement agreement, the Court entered a $4,000,000 judgment against Courtovich. *See* ECF 53.

Courtovich did not satisfy that judgment, and Woodland Drive moved for post-judgment discovery in aid of judgment. Specifically, Woodland Drive asked the Court to order Courtovich to submit to an oral examination and to produce financial documents, including documents showing any source of income, any financial institutions holding Courtovich's assets, and any personal property in which he has an interest. *See* ECF 62. On February 5, 2025, the Court granted Woodland Drive's request and ordered Courtovich to appear for an oral examination on February 26 and to bring the requested documents to that hearing. *See* ECF 63; *see also* D.C. CIV. R. 69-I(b) (permitting requests for production of documents and oral examinations as methods of post-judgment discovery); FED. R. CIV. P. 69(a)(2) (permitting discovery in aid of a judgment as provided for by the forum's rules).

1

Courtovich failed to appear at the February 26 hearing, so the Court ordered him to appear at a hearing on April 16 to show cause why the Court should not find him in contempt. *See* ECF 64. Courtovich appeared at that hearing but did not bring the documents requested by Woodland Drive. The Court again ordered Courtovich to produce those documents by April 30 and scheduled another oral examination on May 7. Courtovich failed to produce the documents by April 30, and at the May 7 hearing, he gave little explanation for his noncompliance.

The Court ordered Courtovich—for the third time—to produce the documents by May 28. That day, Woodland Drive informed the Court that Courtovich had provided it a few statements of certain bank accounts, *see* ECF 66—a start, but nothing approaching the scope of documents that Woodland Drive had requested and that the Court repeatedly had ordered Courtovich to produce, *see* ECF 62. Accordingly, the Court ordered Courtovich to file a document by June 27, 2025, presenting his arguments as to why the Court should not hold him in contempt. *See* Minute Order of June 9, 2025. Courtovich did not file the response the Court ordered, so the Court scheduled a July 24 telephonic conference to discuss his noncompliance and to determine appropriate sanctions. *See* ECF 68. Unsurprisingly, Courtovich failed to appear at that conference.

In sum, Courtovich has repeatedly and flagrantly ignored the Court's unambiguous orders and has failed to appear at numerous hearings scheduled by the Court. Indeed, to date, he still has not complied with the Court's February 5 Order directing him to produce the documents requested by Woodland Drive, *see* ECF 63. The Court therefore finds Courtovich in civil contempt.

Under the Court's inherent power to enforce compliance with its orders, *see Armstrong v. Exec. Off. of the Pres.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993), the Court hereby enters civil contempt sanctions against Courtovich in the amount of $250 per day. The Court further (and once again) orders Courtovich to produce the documents requested by Woodland Drive, *see* ECF 62, by August 8, 2025. If Courtovich fails to produce the documents by August 8, the sanctions amount will

automatically increase to $1,000 per day, and the Court may further increase that amount thereafter if Courtovich continues refusing to comply with the Court's orders.

The Court orders Woodland Drive to email this Order to Courtovich and directs the Clerk of the Court to mail the Order to his address of record.  It is so **ORDERED**.

DATE:  July 24, 2025

CARL J. NICHOLS
United States District Judge